UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE DENEGAL (FATIMA SHABAZZ),<br><br>Plaintiff,<br><br>v.<br><br>R. FARRELL, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-01251-DAD-MJS (PC)<br><br>**ORDER GRANTING IN PART REQUEST FOR JUDICIAL NOTICE (ECF NO. 28)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO DISMISS (ECF NO. 27) AND GRANT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY (ECF NO. 37)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. Procedural History

Plaintiff Dwayne Denegal, also known as Fatima Shabazz, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint ("FAC") for Eighth Amendment medical indifference and Fourteenth Amendment equal protection claims against Defendants Coffin, Cryer, Lewis, and Sundaram, while Defendant Farrell is sued for medical indifference under the Eighth Amendment. (ECF No. 12.) All Defendants are sued in their individual and official capacities. (Id.)

Before the Court are Defendants' motion to dismiss (ECF No. 27) and request for

judicial notice (ECF No. 28). Plaintiff filed an opposition (ECF No. 31), and Defendants replied (ECF No. 34). Plaintiff then filed an unauthorized sur-reply (ECF No. 36), in response to which Defendants filed a motion to strike (ECF No. 37). Plaintiff objects to Defendants' motion to strike. (ECF No. 38.)

The matter is submitted. Local Rule 230(l).

## II. Request for Judicial Notice

Defendants ask the Court to take judicial notice of portions of the California Department of Corrections and Rehabilitation ("CDCR") Department Operations Manual ("DOM") and several California Correctional Health Care Services ("CCHCS") documents, all of which are available on government websites. The Court may take judicial notice of information on a government website when neither party disputes either the website's authenticity or the accuracy of the information displayed. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999-00 (9th Cir. 2010) (taking judicial notice of school district's approved vendors publicly displayed on website); see also Paralyzed Veterans of Am. v. McPherson, No. C 06-4760 SBA, 2008 WL 4183981, *5 (N.D. Cal. Sept. 9, 2008) (collecting cases). Here, Plaintiff does not contest the authenticity of the cited websites or the accuracy of the information presented. (ECF No. 31.) Accordingly, this request will be granted.

Defendants also ask the Court to take judicial notice of a sworn declaration filed in a separate action, Young v. Smith, No. 2:15-cv-00733-TLN-CMK (E.D. Cal., filed Apr. 2, 2015). The Court may take judicial notice of its own records in other cases. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980) (citations omitted). However, a court may not take judicial notice of the facts contained within documents of such court records. "The concept of judicial notice requires that the matter which is the proper subject of judicial notice be a fact that is not reasonably subject to dispute. Facts in the judicial record that are subject to dispute, such as allegations in affidavits and declarations . . . are not the proper subjects of judicial notice even though they are in a court record." Townes v. Paule, 407 F. Supp. 2d 1210, 1217 n.5 (S.D. Cal.

2005) (citation omitted); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotations and citation omitted). Thus, although a court may take judicial notice of court records, it may not take judicial notice of the truth of the contents of documents therein. See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.")

Here, Defendants seek judicial notice of a declaration filed in support of the defendants' motion to dismiss in Young v. Smith, a matter currently pending before this Court. The Court, however, has not yet issued a ruling on that motion to dismiss and, in any case, the facts alleged in the declaration in question are reasonably subject to dispute. They are thus not the proper subject of judicial notice. Accordingly, Defendants' request with respect to the sworn declaration in Young v. Smith will be granted only to the extent the Court recognizes that the document was filed in that matter. The Court declines to take judicial notice of the facts alleged therein.

**III. Defendants' Motion to Strike Plaintiff's Sur-Reply**

Plaintiff filed a sur-reply (ECF No. 36) in response to Defendants' reply in support of their motion (ECF No. 34). Defendants then filed a motion to strike the sur-reply (ECF No. 37), to which Plaintiff objects (ECF No. 38).

In her sur-reply, Plaintiff responds to Defendants' contention that she attempts to expand the scope of her claims with respect to the types of surgical procedures she seeks. (ECF No. 36 at 2.) In their motion to strike, Defendants argue that Plaintiff's sur-reply is unauthorized and that Plaintiff failed to seek leave of this Court to file one. (ECF No. 37 at 3.)

Parties are not typically permitted to file sur-replies, and Plaintiff neither sought nor was granted leave of Court to file one. She also has failed to give any specific reason why she should be allowed to file a sur-reply here. Accordingly, the Court will recommend that Defendants' motion to strike Plaintiff's sur-reply be granted. Since the Court will not consider Plaintiff's sur-reply in makink its recommendation here, Defendants' request to file a response to it (ECF No. 37 at 3) is moot.

## IV. Plaintiff's Claims

Plaintiff's allegations are set forth in the Court's July 8, 2016 findings and recommendations. (ECF No. 16.) As stated, the case proceeds against Defendants Farrell, Coffin, Cryer, Lewis, and Sundaram, all in their individual and official capacities, for violations of the Eighth and Fourteenth Amendments to the United States Constitution. The acts giving rise to Plaintiff's complaint occurred at the California Substance Abuse Treatment Facility ("CSATF").

Plaintiff claims that she is a transgender woman[1] who experiences gender dysphoria and distress due to the incongruence between her male anatomy and female gender identity. She brings Eighth Amendment claims, alleging that prison officials interfered with her treatment, delayed providing her feminizing hormones, and denied her requests for sex reassignment surgery (including, specifically, vaginoplasty), which Plaintiff believes is medically necessary to treat her gender dysphoria. She further alleges that since title 15, section 3350.1 of the California Code of Regulations ("CCR") and CDCR's DOM § 91020.26 bar sex reassignment surgery, they constitute unconstitutional blanket bans. Plaintiff also brings claims for violation of the Fourteenth Amendment, alleging that while non-transgender women are provided vaginoplasty under certain circumstances, transgender women are not provided the same procedure under any circumstances pursuant to title 15, section 3350.1 of the CCR.

Plaintiff seeks only declaratory and injunctive relief.

---

[1] A transgender woman is "a person whose female gender identity is different from the male gender assigned to her at birth." Norsworthy v. Beard, 87 F. Supp. 3d 1164, 1169 (N.D. Cal. 2015), appeal dismissed and remanded, 802 F.3d 1090 (9th Cir. 2015).

4

## V. Legal Standard – Motion to Dismiss

### A. Rule 12(b)(1) Motion to Dismiss

Federal Rule 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and it is presumed that a case lies outside the jurisdiction of the federal courts unless the plaintiff proves otherwise. Spencer Enterprises, Inc. v. U.S., 229 F. Supp. 2d 1025, 1031 (E.D. Cal. 2001).

A motion to dismiss for lack of subject-matter jurisdiction may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject-matter jurisdiction in fact. See Thornhill Pub'g Co., Inc. v. Gen. Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack on the complaint, a court must consider the allegations of the complaint as true. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977); see also NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The motion will be denied unless the allegations appear to be frivolous. See Black v. Payne, 591 F.2d 83, 86 n.1 (9th Cir. 1979), cert. denied, 444 U.S. 867 (1979).

A 12(b)(1) motion may also "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading," as a speaking motion. See Mortensen, 549 F.2d at 891; Thornhill, 594 F.2d at 733; FDIC v. Nichols, 885 F.2d 633, 635–36 (9th Cir. 1989). The moving party may "rely on affidavits or any other evidence properly before the court." See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citations omitted), cert. denied, 493 U.S. 993 (1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." See Mortensen, 549 F.2d at 891. Plaintiff's allegations need not be taken as true when considering a Rule 12(b)(1) motion. See Thornhill, 594 F.2d at 733. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude a court from evaluating for itself the merits of jurisdictional claims.

See Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1557–58 (9th Cir. 1987).

### B. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee, 250 F.3d at 688; Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## VI. Discussion

### A. Eighth Amendment Medical Indifference Claims For Interference To and Delay in Providing Plaintiff's Medical Care

Defendants first contend that Plaintiff's medical indifference claims against Defendants Farrell and Coffin are now moot. (ECF No. 27-1 at 7.) Plaintiff alleges Farrell and Coffin violated her Eighth Amendment rights when they delayed providing Plaintiff feminizing hormone therapy and medical care generally. (ECF No. 12.) Defendants

contend that Plaintiff is now receiving hormone therapy and that Plaintiff concedes this fact in her opposition brief. (ECF No. 27-1 at 7; 34 at 2.)

Plaintiff does concede she now receives hormone therapy. (ECF No. 31 at 3.) ("Plaintiff Concedes [sic] that although the delay was lengthy, she now receives regular hormone shots on the facility . . . ."). She further states that she did not bring this action "because of denial of hormone therapy." (Id.)

Defendants mischaracterize Plaintiff's requested relief. Plaintiff does not seek an injunction requiring hormone therapy in her FAC, but rather seeks injunctive relief "enjoining Defendants from interfering with the discretion of the mental health and other medical professionals involved in Plaintiff's care." (ECF No. 12 at 24.) Such relief is grounded in Plaintiff's allegations that Defendants delayed providing her what she alleges is medically necessary care (including hormone therapy), that such delay interfered with her care, and that such delay (as well as denial of certain procedures) constitutes an Eighth Amendment violation. Defendants present no claims, much less facts, to suggest that Defendants Farrell and Coffin will no longer interfere with her care. The fact that Plaintiff now receives hormone therapy does not protect against that risk. And Plaintiff's alleged facts support her claim that such interference is continuing and will continue.[2] Such allegations are sufficient to state a claim on which relief may be granted. Plaintiff's claim is not, therefore, moot.

Accordingly, the Court will recommend that Defendants' motion to dismiss Plaintiff's Eighth Amendment medical indifference claims against Defendants Farrell and Coffin, based on Farrell and Coffin's alleged interference with Plaintiff's care, be denied.

---

[2] In her FAC, Plaintiff alleges that Farrell and Coffin interfered with her care by requiring her to attend a twelve month mental health program prior to receiving feminizing hormones. Plaintiff alleges Farrell and Coffin stated such a program was a prerequisite to receiving feminizing hormones. However, Plaintiff was later told that her mental health treatment could not begin until a report was issued by Coffin. Several months of inaction followed until Plaintiff submitted another medical request. Plaintiff was then placed on feminizing hormones without ever participating in the mental health program both Farrell and Coffin stated was a requirement. (ECF No. 12 at 7-10.)

### B. Eighth Amendment Medical Indifference Claims For Denial of Sex Reassignment Surgery

Plaintiff's claims with respect to sex reassignment surgery are premised on the allegation that Defendants enforce a blanket policy prohibiting sex reassignment surgery for transgender women under any circumstances, regardless of medical need. Defendants contend that this Eighth Amendment claim against Defendants Coffin, Cryer, Lewis, and Sundaram should be dismissed because it also is now moot. Defendants argue that CDCR has "significantly changed" its policies with respect to sex reassignment surgery, providing such treatment if "medically necessary" to inmate-patients diagnosed with gender dysphoria. (ECF No. 27-1 at 8.)

#### 1. Defendants' Arguments Concerning Plaintiff's Sex Reassignment Surgery Allegations

Defendants assert that CDCR now performs sex reassignment surgery when such treatment is deemed medically necessary. In support, Defendants note that § 91020.26 of CDCR's DOM[3], which Plaintiff cites in her complaint and contends constitutes a blanket ban on sex reassignment surgery, "has been removed and replaced with an unrelated topic." (ECF No. 27-1 at 7; 28-3 at 4.) Second, Defendants point to a CCHCS "Gender Dysphoria Management Policy" requiring CDCR to provide "medically necessary treatment that meets constitutional requirements for incarcerated patients who are diagnosed with Gender Dysphoria (GD)." (ECF No. 27-1 at 8; 28-6 at 1.) Finally, Defendants note that CCHCS provides guidance to CDCR medical and mental health staff with respect to gender dysphoria through its Gender Dysphoria Care Guide. (ECF No. 27-1 at 8; 28-7.) The Guide, issued in May 2015 and supplemented in May 2016, provides guidelines for how sex reassignment surgery requests are to be evaluated. Specifically, it sets out procedures with respect to referral for initial review to

---

[3] Prior to repeal, DOM § 91020.26, entitled "Gender Dysphoria Treatment," provided, in pertinent part, "[i]mplementation of surgical castration, vaginoplasty, or other such procedures shall be deferred beyond the period of incarceration." It also provided that "[s]urgical procedure shall not be the responsibility of the [CDCR]."

8

an Institution Utilization Management Committee, and then to a Headquarters Utilization Management Committee for final determination regarding treatment. (Id.) Such requests are considered under the Guidelines for Review of Requests for Sex Reassignment Surgery. (ECF No. 28-8.)

Defendants argue that though Plaintiff concedes CDCR's policies with respect to sex reassignment surgery have changed, she now "attempts to expand the scope of her claim by arguing that she seeks 'all' other surgeries," including breast augmentation, rhinoplasty, and other facial feminization operations. (ECF No. 34-1 at 3.)

### 2. Plaintiff's Arguments Concerning Her Sex Reassignment Surgery Allegations

Plaintiff does concede that CDCR's sex reassignment policies have changed, and that CDCR now offers "protocols" for such surgeries. (ECF No. 31 at 3.) (stating that "Plaintiff conceds [sic] that the CDCR now has offered protocols for Sexual Reassignment Surgery"). Plaintiff argues, however, that without judicial relief, CDCR may simply "'arbitrarily decide' what procedures are actually necessary" and that "protocols do not always translate into action." (ECF No. 31 at 3.) Plaintiff also contends that sex reassignment surgery alone is not enough, and that, in her "original 602 inmate appeal" in 2015, she requested "'all' the other surgeries that would facilitate completing her transition from male to female" in addition to sex reassignment surgery. (Id.) In sum, Plaintiff argues that sex reassignment surgery alone will not provide for a "complete transition" from male to female gender identity. Denying Plaintiff "necessary procedures" such as facial feminization, breast augmentation, vocal modification, hair removal, rhinoplasty, brow lift, forehead lift, and facial bone reduction will negatively impact her transition to female gender identity. (Id. at 5.) The denial of such procedures, Plaintiff argues, is a violation of her Eighth and Fourteenth Amendment rights. (Id.)

### 3. Analysis

It appears CDCR has indeed repealed § 91020.26, previously titled "Gender Dysphoria Treatment," and removed it from its DOM. Such removal, however, does not

provide Plaintiff the relief or protections she seeks. Indeed, CCR title 15, § 3350.1, which provides that vaginoplasty is per se medically unnecessary except for the treatment of cystocele or rectocele, remains. As noted by the Court in its findings and recommendations, cystocele and rectocele are conditions affecting only cisgender women. (ECF No. 16.) And vaginoplasty is a procedure Plaintiff alleges is medically necessary to treat her gender dysphoria. (ECF No. 12 at 23.) The existence of a regulation prohibiting vaginoplasty for transgender women, a procedure Plaintiff contends is medically necessary, is sufficient to support a conclusion that a live controversy remains. See Skysign Int'l, Inc. v. City and County of Honolulu, 276 F.3d 1109, 1114 (9th Cir. 2002) ("An action for a declaratory judgment is live, not moot, if 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (citations omitted).

A regulation such as § 3350.1 has the force of law in California. See California Teachers Ass'n v. California Comm'n on Teacher Credentialing, 111 Cal. App. 4th 1001, 1008 (2003) ("A regulation adopted by an administrative agency pursuant to its delegated rulemaking authority has the force and effect of law.") Here, Defendants do not argue that the DOM policy has the same force of law or overrides contrary regulations. Moreover, CDCR has previously taken the position that DOM policies are superseded by state regulations. See Norsworthy, 87 F. Supp. 3d at 1191 (noting also that the DOM "does not have the force of law"). Even if the DOM could supersede the CCR, the mere repeal of a DOM policy does not render Plaintiff's claim moot where, as here, § 3350.1 remains in force, and where such regulation explicitly bars vaginoplasty except in certain circumstances not applicable to Plaintiff given her birth-gender. To establish mootness, Defendants must show that the Court cannot order any effective relief. San Francisco Baykeeper, Inc. v. Tosco Corp., Diablo Servs., Inc., 309 F.3d 1153, 1159 (9th Cir. 2002). They fail to do so: the Court may provide the relief Plaintiff seeks here with respect to § 3350.1. (ECF No. 12 at 24-25.) The fact that § 3350.1 remains in

effect is enough for the Court to reject Defendants' motion to dismiss Plaintiff's Eighth Amendment claim based on her allegations concerning the denial of sex reassignment surgery. The Court will recommend that such motion be denied.

### C. Plaintiff's Fourteenth Amendment Equal Protection Claim

Defendants contend Plaintiff's Fourteenth Amendment claim is also moot for the same reasons they claim her Eighth Amendment claim is moot. The Court has already stated why Plaintiff's claims are not moot. In her FAC, Plaintiff alleges § 3350.1 is facially discriminatory and that Defendants discriminate against transgender women by denying treatment, such as vaginoplasty, to them while making such treatment available to cisgender women.

Defendants focus their arguments exclusively on the removal of § 91020.26 from the DOM. As noted, while § 91020.26 may have been removed, CCR title 15, § 3350.1 remains. Section 3350.1 explicitly deems vaginoplasty, a procedure Plaintiff alleges is medically necessary to treat her serious medical need of gender dysphoria, *medically unnecessary*. Cal. Code Regs. tit. 15, § 3350.1(b) ("Surgery not medically necessary [including "Vaginoplasty"] shall not be provided.")

The regulation, however, goes further. Section 3350.1(b) provides that, while vaginoplasty will not be provided because it is presumed to be medically unnecessary, vaginoplasty may be provided to treat cystocele or rectocele. These exceptions, however, apply only to cisgender, but not transgender, women. See Price v. Heckler, 767 F.2d 281, 283 n.2 (6th Cir. 1985) (defining cystocele as "a large protruding vaginal wall resulting from childbirth"); see also Norsworthy v. Beard, 87 F. Supp. 3d 1104, 1120-21 (N.D. Cal. 2015) (holding plaintiff adequately stated a claim for violation of the Fourteenth Amendment's Equal Protection Clause under 42 U.S.C. § 1983 and denying defendants' motion to dismiss based on plaintiff's contention that § 3350.1 distinguishes between treatment, such as vaginoplasty, for transgender women and the same treatment for non-transgender women).

At this early stage in the litigation, before she has had the opportunity to develop her claims through discovery, Plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff brings forth sufficient allegations in her FAC, and Defendants do nothing more than cite CDCR policy changes without acknowledging the California regulation Plaintiff challenges.

Accordingly, the Court will recommend that Defendants' motion to dismiss with respect to Plaintiff's equal protection claim be denied.

### D. Defendants' Contention That Plaintiff is Barred From Bringing an Individual Suit for Adequate Medical Care Because She is a Plata and Coleman Class Member

Defendants contend that Plaintiff's claims with respect to adequate medical care are barred because she is a class member in Plata v. Schwarzenegger, No. C-01-1351 TEH (N.D. Cal., filed Apr. 5, 2001), and Coleman v. Schwarzenegger, Case No. 90–cv-0520 LKK JFM (E.D. Cal., filed May 14, 1990). Defendants argue these two class actions "provide the very same injunctive relief that Plaintiff requests here in the context of inmate physical and mental healthcare in California." (ECF No. 27-1 at 8-9.) They then proceed to cite a number of authorities holding, generally, that individual suits for equitable relief may not be brought "where there is an existing class action involving the same subject matter" (ECF No. 27-1 at 9). However, Defendants fail to provide any further detail about the class actions, any evidence to support their contentions, or any arguments establishing the similarities between the relief sought in this action and that in Plata and Coleman.

The Ninth Circuit has held that "[i]ndividual claims for injunctive relief related to medical treatment are discrete from the claims for systemic reform addressed in Plata." Pride v. Correa, 719 F.3d 1130, 1137 (9th Cir. 2013) ("[W]here a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, Plata does not bar the prisoner's claim for injunctive

12

relief."). The Court in Correa noted that precluding a prisoner from proceeding on a claim for injunctive relief for individual medical care would lead to unwarranted delay. Id.

Here, Defendants merely cite to the general rule that individual suits for equitable relief may not be brought while a class action involving the same subject matter is pending litigation. However, Defendants offer no authority to support their contention that the relief sought by Plaintiff here is duplicative of that sought in Plata and Coleman or for the argument that an individual claim for injunctive relief may be delayed because a pending class action seeks systemic reform relating to the same general subject matter. There is nothing before the Court in this case upon which it may determine that any or all of Plaintiff's claims are subsumed by Plata and Coleman. Indeed, if Defendants' position were adopted, no California inmate would ever be allowed to bring an Eighth Amendment claim seeking equitable relief until these class actions had been fully litigated. This, of course, would bring about the unwarranted delay the Ninth Circuit cautions against in Correa. 719 F.3d at 1137. Without further information regarding the class actions and showing their similarities with the present action, the Court will not recommend dismissal of Plaintiff's claims.

Accordingly, the Court will recommend that Defendants' motion to dismiss based on their arguments that Plata and Coleman bar her equitable claims be denied.

**VII. Conclusion, Order, and Recommendation**

Based on the foregoing, Defendants' request for judicial notice (ECF No. 28) is HEREBY GRANTED IN PART.

Furthermore, it is HEREBY RECOMMENDED that Defendant's motion to strike Plaintiff's sur-reply (ECF No. 37) be GRANTED, and that Defendants' motion to dismiss (ECF No. 27) be DENIED as stated herein.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court pursuant to Federal Rule of Civil

Procedure 72. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 30, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE