UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE DENEGAL (FATIMA SHABAZZ),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. FARRELL, et al.,<br><br>　　　　Defendants. | No. 1:15-cv-01251-DAD-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANTS' MOTION TO STRIKE, AND STRIKING DOC. NO. 36<br><br>(Doc. Nos. 39, 27, 37, 36)<br><br>CASE TO REMAIN OPEN |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on plaintiff's Eighth Amendment medical indifference and Fourteenth Amendment equal protection claims against defendants Coffin, Creyer, Lewis, and Sundaram, while defendant Farrell is named only in plaintiff's Eighth Amendment medical indifference claim. (Doc. No. 12.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302 of the United States District Court for the Eastern District of California.

　　　　On January 12, 2017, defendants filed a motion to dismiss on the ground that plaintiff's claims for declaratory and injunctive relief are moot and barred by the *Plata* and *Coleman* class

action suits. (Doc. No. 27.) On May 31, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be denied. (Doc. No. 39.) Defendant filed objections to the findings and recommendations (Doc. No. 42), and plaintiff filed a response. (Doc. No. 43.)[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis and will therefore adopt them in full.

In their objections, defendants repeat the same arguments advanced in support of their motion to dismiss, namely that plaintiff's medical indifference claim has been rendered moot because she is now receiving hormone therapy, a new California Department of Corrections and Rehabilitation (CDCR) policy now provides sex reassignment surgery to transgender inmates if found to be medically necessary, and that plaintiff's claims are barred by the *Plata* and *Coleman* class actions.

The court need not repeat the magistrate judge's proper analysis with respect to defendants' arguments. The undersigned does, however, note that the magistrate judge correctly found that plaintiff's Eighth Amendment medical indifference claim is not restricted to the provision of hormone therapy, but rather, seeks to enjoin defendants "from interfering with the discretion of mental health and other medical professionals involved" in her care. (Doc. No. 39 at 7) (quoting Doc. No. 12 at 24.) The magistrate judge also correctly concluded the regulation in question expressly provides that vaginoplasty is medically unnecessary except for the treatment of cystocele or rectocele and that regulation has the force of law in California. (Doc. No. 39 at 10) (citing *California Teachers Ass'n v. California Comm'n on Teacher Credentialing*, 111 Cal. App. 4th 1001, 1008 (2003)). Thus, § 3350.1(b) continues to constitute a blanket ban on sex re-assignment surgery for transgender women inmates such as plaintiff. Finally, the magistrate judge correctly found that plaintiff's individual claims are not barred by the class action litigation

---

[1] The magistrate judge also recommended granting defendants' motion to strike plaintiff's unauthorized sur-reply. No objections were filed with respect to that recommendation.

in the *Plata* and *Coleman* cases because here plaintiff is bringing an individual claim for injunctive relief. (Doc. No. 39 at 12) (citing *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) ("Where a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, *Plata* does not bar the prisoner's claim for injunctive relief.")).

Accordingly, for the reasons set forth above:

1. The findings and recommendations issued May 31, 2017 (Doc. No. 39) are adopted in full;
2. Defendants' motion to strike plaintiff's sur-reply (Doc. Nos. 36, 37) is granted;
3. Defendants' motion to dismiss (Doc. No. 27) is denied; and
4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __September 24, 2017__

UNITED STATES DISTRICT JUDGE