1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE DENEGAL (FATIMA SHABAZZ), | CASE NO. 1:15-cv-01251-DAD-JLT (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR VACATUR** |
| v. | **FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS** |
| R. FARRELL, et al., | (Docs. 80, 81) |
| Defendants. | **14-DAY DEADLINE** |

Plaintiff, a transgender former state prisoner also known as Fatima Shabazz, is proceeding with appointed counsel on Eighth Amendment medical indifference and Fourteenth Amendment equal protection claims based on the defendants' alleged failure to properly treat her gender dysphoria. In their pending motion to dismiss, defendants move for dismissal, claiming plaintiff's recent release has rendered her claims for injunctive and declaratory relief moot. (Doc. 80.) Because plaintiff does not dispute that her claims are now moot, the Court will recommend that the motion to dismiss be granted.

In her response to the motion to dismiss, plaintiff requests vacatur of a portion of this Court's September 24, 2018, Order and Findings and Recommendations insofar as it denies her February 24, 2018, motion to amend. (Doc. 81.) That denial is the subject of a motion for

reconsideration that is pending before the district judge. (Doc. 78.) Plaintiff's request for vacatur is brought pursuant to Federal Rule of Civil Procedure 54(b). Defendants counter that vacatur is not appropriate in this case.

## I.    Relevant Background

Plaintiff initiated this action on August 13, 2015, and is proceeding on a first amended complaint that was found to state Eighth Amendment medical indifference and Fourteenth Amendment equal protection claims against Coffin, Cryer, Lewis, and Sundaram, and a sole Eighth Amendment medical indifference claim against Farrell. (Docs. 16, 19.)

On December 26, 2017, the previously-assigned magistrate judge determined that the appointment of counsel for plaintiff was warranted and therefore appointed attorney Carter C. White to represent plaintiff. (Doc. 52.)

Approximately one month later, the defendants filed a motion for summary judgment for plaintiff's failure to exhaust his administrative remedies for her Fourteenth Amendment equal protection claim against Coffin, Cryer, Lewis, and Sundaram. (Doc. 53.) Plaintiff opposed the motion on the merits and sought leave to amend/supplement the FAC. (Docs. 55, 56, 69.)

On September 24, 2018, this Court denied plaintiff's motion to amend and recommended that defendants' motion to dismiss be denied. (Doc. 77.) Regarding the motion to amend, the Court held as follows:

> The amended complaint seeks to add 18 additional defendants—expanded from the five who are currently defendants in this action. (Doc. 67-1) In neither her motion nor in her reply, does the plaintiff address the standards for joinder of the new defendants. The plaintiff does not contend that the new defendants must be joined under Rule 19 and the Court agrees that complete relief can be afforded without doing so. The tougher question is whether the new defendants may be joined under Rule 20.
>
> Undoubtedly, the plaintiff has been denied the surgeries she seeks to address her gender dysphoria. This denial is ongoing. However, the reasons for the denial are vastly different. In 2015, she was denied the surgeries because she had not been taking female hormones provided by the prison for 12 months and because the CDCR policy did not allow inmates to have them. (Doc. 12 at 18; Doc. 67-1 at 8) In 2017, though the policy changed to allow the surgeries, the plaintiff was again denied the surgeries by the new defendants. The plaintiff does not allege any facts to explain why she was denied the surgeries in 2017 (Doc. 67-1 at 8).

2

The Court does not find that the new allegations related to the new defendants arise out of the same transaction, occurrence or series of transactions or occurrences. The operative complaint demonstrates that the plaintiff was not considered for surgery because the CDCR policies precluded this consideration. The new allegations demonstrate that the new defendants considered her for the surgeries but denied them nonetheless. This demonstrates also that the operative complaint and the second amended complaint present different questions of law and fact. [FN 3.] Consequently, the Court DENIES the plaintiff's request to amend the complaint.

[FN 3.] However, of course the plaintiff may file a new action and request that it be related to this current action, if appropriate.

(Doc. 77 at 9-10)

On October 15, 2018, plaintiff filed a motion for reconsideration of the portion of the September 24, 2018 order as it relates to her motion to amend. (Doc. 78.) Both the motion for reconsideration and the findings and recommendations remain pending before the district judge.

**II.      Legal Standards**

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation, quotation marks, and emphasis omitted). Under Federal Rule of Civil Procedure 54(b), district courts may, at any time prior to entry of final judgment, vacate an interlocutory order when it is "consonant with equity" to do so. John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 91 (1922); see also Fed. R. Civ. P. 54(b). However, neither the Ninth Circuit nor the Supreme Court has articulated the standard applicable to pre-judgment vacatur under Rule 54(b). Though post-judgment vacatur under Federal Rule of Civil Procedure 60(b) is generally held to a higher standard than pre-judgment vacatur under Rule 54(b), see Persistence Software, Inc. v. Object People, Inc., 200 F.R.D. 626, 627 (N.D. Cal. 2001), Supreme Court and Ninth Circuit precedent in the post-judgment vacatur context is instructive. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950); U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994); Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d 1164 (9th Cir. 1998).

In the post-judgment context, the Supreme Court's decision in United States v. Munsingwear, 340 U.S. 36, 39 (1950), is the leading authority on vacatur. There, the United

States argued that a district court opinion should not have been given res judicata effect when the United States was prevented from appealing the adverse judgment because the case had become moot while pending before the Court of Appeals. The United States maintained that "those who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review." Id. at 39. The Supreme Court disagreed, reasoning that any unfairness to the United States was preventable because the United States had "slept on its rights" by failing to ask the Court of Appeals to vacate the district court's decision before the appeal was dismissed. Id. at 39-41. In dictum, the Supreme Court stated that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." Id. at 39. The Court explained that the procedure of automatic vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." Id. at 40.

In a follow-up opinion in Bonner Mall, an appellant moved to vacate a lower court judgment after the litigants had settled while the case was on appeal. 513 U.S. at 20. Because the appellant had "voluntarily forfeited his legal remedy" of having the judgment overturned by an appellate decision, the Supreme Court found that vacatur was inappropriate. Id. at 25. The Supreme Court reasoned that appellants who destroy their own right to appeal should not be allowed to employ vacatur as a "refined form of collateral attack" on the lower court judgment. Id. at 27. The appellant argued that liberal vacatur standards encouraged settlement, but the Supreme Court was skeptical that a lower standard would promote settlement since some litigants "may think it worthwhile to roll the dice rather than settle ... if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur." Id. at 28. Ultimately, the Supreme Court held that appellate court vacatur of lower court judgments is proper only in the presence of "exceptional circumstances." Id. at 29.

Though the Supreme Court did not decide what standard a district court should apply to vacatur of its own judgment, the Ninth Circuit has since addressed this gap. See Am. Games, 142 F.3d 1164. In American Games, two opposing corporate litigants merged, thereby mooting their case. 142 F.3d at 1165-66. Finding that the case fell "somewhere between Bonner Mall (mootness by settlement) and Munsingwear (mootness by happenstance)," the district court equitably balanced "the hardships and the public interests at stake, which it concluded weighed in favor of vacatur" because mooting the lawsuit was only incidental to the merger. Am. Games, 142 F.3d at 1166, 1170. The Ninth Circuit affirmed, holding that a district court should apply "an equitable balancing test to determine whether to vacate its own unreviewed judgment, mooted by voluntary action of the parties, rather than applying Bonner Mall's 'exceptional circumstances' test." Id. at 1167.

**III.    Discussion**

Likening this Court's September 24, 2018, ruling to a judgment or an injunction and further likening her motion for reconsideration to an appeal, plaintiff relies on Munsingwear and Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995), to argue that there exists an "established practice" of automatic vacatur such that the September 24, 2018, ruling must be vacated now that this action has been mooted by plaintiff's release.

In Dilley, an inmate of Calipatria State Prison obtained an injunction in district court requiring the prison warden to provide him with adequate access to the prison law library. The warden appealed. While the case was pending on appeal, it was mooted by Dilley's transfer out of Calipatria to a lower security prison facility. The warden sought vacatur of the district court's judgment, claiming that that Dilley was transferred to a lower security prison because he had served a specific amount of time at Calipatria without substantial disciplinary problems, rather than due to any attempt to moot the action.

The Ninth Circuit remanded the case to the district court to apply the equitable balancing test to decide whether the district court's earlier judgment should be vacated. The appellate court instructed that the test "can apply even if the appellant engaged in the conduct which caused the mootness for a purpose other than to prevent the appellate court's review of the district court's

order." 64 F.3d at 1371. <u>Dilley</u> makes clear that the district court should consider the motives of

the party whose voluntary action mooted the case: "Of course, if the district court determines that

the appellant did not intend to avoid appellate review and to have the district court's order

vacated, that factor may weigh equitably in favor of vacating the order." <u>Id.</u> at 1372 n.6. The

court's directive to the district court is reproduced here:

> If the district court concludes that Dilley's transfer from Calipatria
> occurred "by happenstance," then automatic vacatur is appropriate
> under <u>Munsingwear</u>. If, however, the district court finds that the
> defendants played a role in Dilley's transfer and that the transfer was
> related to the pendency of this appeal, then <u>Ringsby</u> applies to this
> case and the district court must then decide whether to vacate the
> injunction in light of "the consequences and attendant hardships of
> dismissal or refusal to dismiss" and the "competing values of finality
> of judgment and right to relitigation of unreviewed disputes."

<u>Dilley</u>, 64 F.3d at 1372 (internal quotes and citations omitted). As the <u>Dilley</u> court recognized,

after <u>Bonner Mall</u>, "automatic vacatur under <u>Munsingwear</u> can no longer be viewed as the

'established practice' whenever a case becomes moot on appeal, and that the primary inquiry is

whether the appellant caused the mootness by his own voluntary act." <u>Id.</u>at 1370 n.4.

Turning to the facts here, there is no evidence or suggestion that plaintiff's release from

prison was intended by the defendants to avoid review of the September 24, 2018 order and

Findings and Recommendations or to otherwise avoid review of the merits of plaintiff's claims.

Nonetheless, the Court is not convinced that balancing the equities favors vacatur since the

contested ruling was not dispositive, it did not determine the rights of the parties vis-à-vis each

other, and it is not binding on any court should plaintiff decide to file a new complaint in the

future. Though plaintiff argues that the ruling should be vacated because it is available on legal

databases and is currently citable as authority, defendants rightly point out that, even if vacated,

the order "will remain in electronic research databases, albeit flagged, and so available for

whatever guidance [it] may give to parties and other courts." <u>Cuviello v. Cal Expo</u>, No. 2:11-cv-

2456 KJM EFB, 2014 WL 1379873, at *1 (E.D. Cal. Apr. 8, 2014).

## IV.  Conclusion

Based on the foregoing, the Court **ORDERS** that plaintiff's request for vacatur (Doc. 81)

is **DENIED**; and

The Court **RECOMMENDS** that defendants' motion to dismiss (Doc. 80) be **GRANTED**, all pending motions be termed, and this action be dismissed as moot.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within 14 days after being served with the findings and recommendations, the parties may file written objections with the Court pursuant to Federal Rule of Civil Procedure 72. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within 14 days after being served with a copy of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 14, 2019**                          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE