UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE DENEGAL (FATIMA SHABAZZ),<br><br>        Plaintiff,<br><br>    v.<br><br>R. FARRELL, et al.,<br><br>        Defendants. | No. 1:15-cv-01251-DAD-JLT (PC)<br><br><u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 85, 86) |

    Plaintiff Fatima Shabazz (also known as Dwayne Denegal) is a former state prisoner proceeding with appointed counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before the court are: (1) plaintiff's request for reconsideration of the assigned magistrate judge's order denying plaintiff's request to vacate a prior order; and (2) the magistrate judge's findings and recommendations, recommending that this action be dismissed because it has been rendered moot by plaintiff's release from prison. (Doc. Nos. 85, 86.)

    The undersigned has reviewed the magistrate judge's order denying plaintiff's request for vacatur and the pending findings and recommendations, as well as the parties' briefing, and for

/////

1

the reasons set forth below, will deny plaintiff's motion for reconsideration and adopt the magistrate judge's recommendation to dismiss this action as moot.

**BACKGROUND**

Because plaintiff's motion for reconsideration seeks to vacate an order issued prior to entry of judgment in this action, a brief recitation of the relevant facts is in order.

Plaintiff is a transgender woman who experiences gender dysphoria and distress due to the incongruence between her male anatomy and female gender identity. (Doc. No. 12 at 7–10.) Plaintiff's first amended complaint ("FAC") alleges that defendants interfered with her treatment for gender dysphoria, delayed providing her with feminizing hormones, and denied her request for sex reassignment surgery in violation of her rights under the Eighth and Fourteenth Amendments. (*Id.* at 10–24.) These claims arise from the alleged actions or inactions of defendants that took place from around April 2013 to around March 2015. (*Id.* at 10–20.) The FAC seeks injunctive and declaratory relief, enjoining defendants from interfering with plaintiff's treatment for gender dysphoria, requiring the defendants to provide plaintiff with adequate medical care, and declaring parts of the California Department of Corrections and Rehabilitation's ("CDCR") regulations to be discriminatory and unconstitutional. (*Id.* at 24.)

In May of 2016, CDCR updated its guidelines regarding medical treatment for patients with gender dysphoria. (Doc. No. 77 at 6.) In June of 2016, CDCR adopted regulations allowing transgender inmates and inmates with symptoms of gender dysphoria to access authorized personal property in accordance with their gender identity. (*Id.*)

On February 24, 2018, plaintiff moved to amend her complaint, seeking to add eighteen new defendants and two new claims. (*See* Doc. Nos. 56, 56-1, 67-1.) On September 24, 2018, the magistrate judge denied that motion, concluding that the allegations against the new defendants and claims based thereon did not "arise out of the same transaction, occurrence, or series of transactions or occurrences" as those alleged in the FAC. (Doc. No. 77 at 10.) Specifically, the magistrate judge found that, because the new allegations related to CDCR conduct that occurred after CDCR changed its guidelines and policies regarding transgender inmates and inmates with symptoms of gender dysphoria, the FAC and proposed amended

| 1 | complaint presented different questions of law and fact. (*Id.*) The magistrate judge noted,
| 2 | however, that plaintiff could elect to file a separate action asserting the new claims and request
| 3 | that the newly filed action be related to this action. (*Id.*)
| 4 | On October 15, 2018, plaintiff moved for undersigned's reconsideration of the magistrate
| 5 | judge's denial of her motion to amend her complaint. (Doc. No. 78.) That motion remains
| 6 | pending before the court.
| 7 | However, shortly thereafter, on November 20, 2018, plaintiff was released from CDCR
| 8 | custody. (Doc. No. 80 at 3.) Thereafter, defendants moved to dismiss this action, contending that
| 9 | plaintiff's release from CDCR custody effectively mooted her claims, which seek only injunctive
| 10 | and declaratory relief. (*Id.*) Plaintiff agreed that her claims were mooted by her release but also
| 11 | requested that the magistrate judge vacate the September 24, 2018 order denying plaintiff's
| 12 | motion to amend under the automatic vacatur rule. (*See* Doc. No. 81 at 1, 3–4.)
| 13 | On February 14, 2019, the magistrate judge issued an order denying plaintiff's request for
| 14 | vacatur. (Doc. No. 85 at 3–6.) Plaintiff has also moved for reconsideration of that order. (Doc.
| 15 | No. 86.) On that same date, the magistrate judge issued the findings and recommendations now
| 16 | pending before the court, recommending that defendants' motion to dismiss this action as moot be
| 17 | granted. (Doc. No. 85 at 1.) No objections to those findings and recommendations have been
| 18 | filed and the time to do so has now passed.

**DISCUSSION**

**A.  Plaintiff's Motion for Reconsideration of the Magistrate Judge's Denial of Plaintiff's Request for Vacatur.**

Courts review motions to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Miller v. Akanno*, No. 1:12-cv-01013-LJO-SKO (PC), 2015 WL 566304, at *1 (E.D. Cal. Jan. 16, 2015); *see also* Local Rule 303(f). "A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (alteration in

original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Id*. at 623. "The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Estate of Stephen E. Crawley v. Robin*son, No. 1:13-CV-02042-LJO-SAB, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

Here, plaintiff requests that the undersigned reconsider the magistrate judge's February 14, 2019 order denying plaintiff's request for vacatur. (Doc. No. 86.) In doing so, plaintiff reiterates the arguments that she made in her initial request for vacatur. As discussed below, the magistrate judge's denial of plaintiff's request for vacatur was neither clearly erroneous nor contrary to law.

"Under Federal Rule of Civil Procedure 54(b), district courts may, at any time prior to entry of final judgment, vacate interlocutory orders when it is 'consonant with equity' to do so." *Gardner v. CafePress Inc.*, No. 3:13-cv-1108-GPC-JLB, 2015 WL 13427727, at *1 (S.D. Cal. Jan. 9, 2015) (quoting *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 91 (1922)). Vacatur is an "extraordinary remedy," *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1169 (9th Cir. 1998), and "the touchstone of vacatur is equity," *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995).

As the parties' briefing and the magistrate judge's order make clear, almost all the cases discussing vacatur analyze whether vacatur is an appropriate remedy when an action has become moot while an appeal is pending. (*See* Doc. Nos. 81 at 3–4; 84 at 2; 85 at 3–5; 86 at 2–3.) In such a situation, depending on whether an appeal was mooted due to "happenstance" or because of a party's own conduct, vacatur of the district court's judgment is either automatic or appropriate only in the presence of "exceptional circumstances." *See Dilley*, 64 F.3d at 1369–70; *Gardner*, 2015 WL 13427727, at *1. Plaintiff contends that automatic vacatur applies here because her release from prison—which, as discussed below, moots this action—occurred by happenstance, and "therefore automatic vacatur would apply if the September 24 order was on

4

appeal to the Ninth Circuit." (Doc. No. 86 at 3.) Plaintiff's argument in this regard is misplaced. First, even though it certainly does not appear that plaintiff's release from prison was intended by defendants to moot the instant action, that does not mean that plaintiff's release occurred by happenstance. "Happenstance" is defined as "circumstances unattributable to any of the parties," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994), and here, plaintiff's release from custody was caused by CDCR. Thus, plaintiff's release is attributable to CDCR. Second, automatic vacatur, as analyzed under Supreme Court and Ninth Circuit precedent, cannot apply here because a judgment has not been rendered in this action and no appeal is pending. *See Dilley*, 64 F.3d at 1369–70; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950).

District courts presented with pre-judgment vacatur motions seeking to vacate orders issued prior to entry of judgment have found "Supreme Court and Ninth Circuit precedent in the post-judgment vacatur context [to be] instructive." *Gardner*, 2015 WL 13427727, at *1. In *Gardner*, for example, the district court applied the Ninth Circuit's "equitable balancing" test to determine whether two interlocutory orders needed to be vacated after the parties reached a settlement agreement which was contingent upon the court granting vacatur. *Id.* at *1–3; *see also Am. Games, Inc.*, 142 F.3d at 1168 (holding that district courts should apply the equitable balancing test where a party played a role in mooting the action). Under that test—the same test that the magistrate judge in this action applied in denying plaintiff's request for vacatur—a court weighs "the hardships and public interests at stake" to determine whether vacatur is warranted. *Id*. at *3 (quoting *Am. Games, Inc.*, 142 F.3d at 1166).

Here, the magistrate judge was "not convinced that the balancing of equities favors vacatur since the [denial of the motion to amend] was not dispositive, it did not determine the rights of the parties vis-à-vis each other, and it is not binding on any court should plaintiff decide to file a new complaint in the future." (Doc. No. 85 at 6.) The undersigned agrees with this analysis and does not find it erroneous in any respect. While plaintiff disputes that the denial of the motion to amend was not dispositive – arguing that the order "effectively dispos[ed] of her proposed claims" (Doc. No. 86 at 4) – her argument is belied by the explicit language of the order, which clearly stated that "plaintiff may file a new action and request that it be related to the

5

current action," (Doc. No. 77 at 11 n.3.)  Moreover, as defendants correctly note, the public interests at stake weigh against granting vacatur.  (Doc. No. 84 at 3.)  "Judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *Bonner Mall P'ship*, 513 U.S. at 26.

Accordingly, the undersigned will deny plaintiff's request for reconsideration of the magistrate judge's denial of her request for vacatur (Doc. No. 86).

**B.     The Findings and Recommendations Recommending Dismissal of this Action are Adopted in Full.**

Plaintiff concedes that her release from CDCR custody mooted her claims for injunctive and declaratory relief—the only relief she seeks.  (Doc. No. 81 at 1); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.  The same is true for claims seeking declaratory relief.") (internal quotation marks and citations omitted).  Accordingly, the undersigned will adopt in full the magistrate judge's recommendation that defendants' motion to dismiss this action as moot (Doc. No. 85 at 7) be granted.

**CONCLUSION**

For the reasons set forth above:

1. The findings and recommendations (Doc. No. 85) issued on February 14, 2019, are adopted in full;

2. Defendants' motion to dismiss this action as having been rendered moot by plaintiff's release from CDCR (Doc. No. 80) is granted;

3. Plaintiff's motion for reconsideration of the magistrate judge's denial of her request for vacatur (Doc. No. 86) is denied;

4. All pending motions, including defendants' pending motion for summary judgment (Doc. No. 53), the September 24, 2018 findings and recommendations recommending denial of defendants' motion for summary judgment (Doc. No. 77),

and plaintiff's pending motion for reconsideration of the magistrate judge's denial of her motion to amend her complaint (Doc. No. 78), are terminated as having been rendered moot by the dismissal of this action; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 14, 2019**

_____
UNITED STATES DISTRICT JUDGE